Norton v. United Commercial Travelers of America, 202 Ill. App. 493.

it was shown that she lived with her husband's parents only during the first year of her marriage, and thereafter and at the time of the separation she and her husband lived separately from the latter's parents although on the same farm.

6.  HUSBAND AND WIFE, § 264*—*when evidence does not show cruelty and misconduct of husband in action for separate maintenance.* In a suit for a divorce by a husband, where the wife filed a cross-bill for separate maintenance, alleging cruelty and misconduct on the part of the husband, evidence *held* to justify a finding for the defendant on the cross-bill.

---

### Alice V. Norton, Plaintiff in Error, v. United Commercial Travelers of America, Incorporated, Defendant in Error.

### (Not to be reported in full.)

Error to the Circuit Court of McLean county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the April term, 1916. Reversed and judgment here. Opinion filed October 13, 1916.

### Statement of the Case.

Action by Alice V. Norton, plaintiff, against United Commercial Travelers of America, incorporated, defendant, on a certificate of life insurance. To review a judgment for defendant, plaintiff prosecutes a writ of error.

The plaintiff was the wife of the deceased insured, Samuel Lee Norton, and was named as beneficiary in the certificate. Samuel Lee Norton, on the date of the issuance of the certificate, October 21, 1910, was a commercial traveler. He was in the employ of the Cement, Tile & Machinery Company of Waterloo, Iowa, on a salary. After August, 1912, he continued in the employ of the same company but received his compensation by way of commissions instead of a salary. In

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

494    Appellate Courts of Illinois.

Norton v. United Commercial Travelers of America, 202 Ill. App. 493.

the fall of 1912, he with others entered into a copartnership known as the Havana Concrete, Tile & Product Company of Havana, Illinois. He was employed as manager of that company. He still continued to be in the employ of the Cement, Tile & Machinery Company. While he was on a collecting trip as manager of the Havana Concrete, Tile & Product Company on June 27, 1913, he was accidentally drowned. He was in good standing in the United Commercial Travelers of America at the time of his death. Proof of death was made in due time. Defendant admitted liability to the extent of $3,150, which it paid. Plaintiff contends that she should have received $5,000 within ninety days after the receipt of satisfactory proof of the accidental death of the insured, and $1,300 in weekly instalments of $25, amounting in all to $6,300. The contention of defendant was that the deceased changed his occupation and thereby it became liable to only one-half of the amount named in the certificate; that there had been an accord and satisfaction and that the suit was barred by the limitation stipulated in the contract.

Sterling & Whitmore, for plaintiff in error.

Barry & Morrissey, for defendant in error.

Mr. Justice Graves delivered the opinion of the court.

## Abstract of the Decision.

1. Insurance, § 789*—*when occupation does not cause partial forfeiture.* In an action on a certificate of insurance issued by a fraternal insurance association, *held* that the insured did not come within a provision of the constitution of the association providing that, "should any member engage, temporarily or otherwise, in any other occupation than that of * * * traveling agent, * * * commercial traveler, * * * proprietor of a manufactory, per-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

forming office duties only, * * * his beneficiary should be entitled to but one-half the sum to which such beneficiary would have been entitled to had he been engaged as a commercial traveler at the time the injury was received on which the claim of payment is based," where at the time of the member's death he was employed as a commercial traveler for a company and was also a partner in a firm and acting as manager thereof on a salary, and engaged at the time of his death on a collecting trip for the latter concern, it being stipulated that the duties of such manager were "office work in the ways of bookkeeping, employing help to run the factory, purchasing materials used in manufacturing the output, and making trips to various points in Illinois in the interest of the firm, selling its output and collecting its accounts, and generally superintending its business affairs and had no duties in the factory."

2. INSURANCE, § 852*—*when settlement does not amount to accord and satisfaction.* Where a beneficiary in a certificate of benefit insurance received from the insurer an amount which it admitted was due, and the receipt of which it claimed constituted an accord and satisfaction of the entire amount claimed by the beneficiary, *held* in an action by the latter on the certificate that even if such sum was paid and accepted in full of all liability upon the certificate sued on, the agreement that it should be in full, not having any consideration to support it, would be a mere *nudum pactum* and not constitute an accord and satisfaction.

3. INSURANCE, § 859*—*when action on certificate is brought within prescribed time.* In an action against a benefit insurance association on a certificate of insurance, a stipulated fact that the defendant, within six months before the bringing of the action, wrote to the plaintiff to the effect that it finally rejected the plaintiff's claim and refused to allow her any amount further than that paid, *held* to show that the action had been brought within six months after the disallowance of a claim as required by the defendant's constitution.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.